ZIBELL et al. v. MEACHAM & BABCOCK SHIPBUILDING CO. et al.

(Court of Appeals of District of Columbia. Submitted October 7, 1926. Decided December 6, 1926.)

No. 4411.

**1. Bankruptcy ⬳18½—Petition in suit for appointment of receiver of shipbuilding company held properly dismissed, in view of appointment of receiver in bankruptcy in another jurisdiction and other facts.**

Petition in creditors' suit in District of Columbia for appointment of receiver for shipbuilding company, whose principal asset was a claim against the United States Shipping Board and Emergency Fleet Corporation, *held* properly dismissed, in view of nature of plaintiff's claim, appointment of receiver in bankruptcy for shipbuilding company in another jurisdiction, and noncompliance with Code, § 1537, relating to service of process on foreign corporations.

**2. Appeal and error ⬳1043(4)—Hearing evidence on motion to dismiss petition in suit for appointment of receiver held not prejudicial error.**

That court heard evidence in support of motion to dismiss petition in suit for appointment of receiver for want of jurisdiction *held* not prejudicial error.

Appeal from the Supreme Court of the District of Columbia.

Action by William F. Zibell, trustee in bankruptcy of Michael P. Kraffmiller and others, against the Meacham & Babcock Shipbuilding Company and others. From a decree dismissing the original and supplemental bills, plaintiffs appeal. Affirmed.

Edward Stafford, J. I. Peyser, and G. E. Edelin, all of Washington, D. C., for appellants.

F. E. Scott, Peyton Gordon, and L. A. Rover, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court dismissing the original bill and the amended and supplemental bill of the plaintiff upon motions filed by the defendants.

In the original bill of complaint, filed on January 2, 1925, the plaintiff alleged that on February 6, 1924, he was appointed and qualified as trustee in bankruptcy of Michael P. Kraffmiller by the United States District Court for the Northern District of Illinois, and he brings this suit in that capacity; that the defendant Meacham & Babcock Shipbuilding Company is a corporation organized under the laws of the state of Washington, with its principal office in the city of Seattle in that state, but having an attorney or agent, to wit, the defendant Thomas Lyle, either in the District of Columbia or about to return immediately thereto; that the other defendants are respectively the commissioners of the United States Shipping Board, the United States Shipping Board Emergency Fleet Corporation, and the president and treasurer thereof, the Secretary of the Treasury, and the Treasurer of the United States. The plaintiff alleges that the Meacham & Babcock Shipbuilding Company became indebted to Kraffmiller prior to his bankruptcy in various sums of money loaned by him to the company, which debts are due and unpaid; and that on June 14, 1921, the company had a certain large claim for money pending before the United States Shipping Board, growing out of the building of certain wooden ships for the Emergency Fleet Corporation during the World War, and that the Shipbuilding Company on that day employed Kraffmiller, who was a public accountant and auditor in Washington, D. C., to present and "handle exclusively" its said claim before the board, for which services he was to be paid a present retainer fee of $5,000, and "in the event that the settlement referred to realized payment to the Shipbuilding Company of a sum of money not exceeding $750,000, payment to you [Kraffmiller] of 10 per cent. thereof," and similarly 25 per cent. of any sum collected in excess of $750,000; that Kraffmiller faithfully rendered the services required of him by the contract, both before and since his bankruptcy, but no part of the claim has yet been collected, nor has any amount ever been determined as due from the United States Shipping Board on account of said claim; that the defendant Shipbuilding Company has ceased to engage in active business and has no valuable asset, except its said pending claim, which accordingly is the only asset from which the plaintiff can realize his claim against the company for services rendered under the aforesaid contract; that plaintiff is not at liberty to attach or garnishee the said fund, if specifically set aside, and consequently is without remedy at law to enforce his rights, and must depend upon a court of equity for relief in the premises; that the several officers of the Shipbuilding Company have disagreed among themselves concerning the management of said claim, and have refused to co-operate with Kraffmiller in the collection thereof, and that the affairs of the company are being grossly mis-

managed, and its assets will be dissipated, unless relief in equity be granted to the plaintiff; that there are outstanding obligations, exceeding $260,000, against the company now past due, exclusive of plaintiff's claims; and plaintiff avers that it is the intention of the Shipping Board to disregard the rights of plaintiff and Kraffmiller to collect the funds set up in the said claim, and it is the intention of the officers of the Shipbuilding Company, in case of the payment of the claim to them, to remove the funds from this District and dissipate the same in payment of extravagant salaries and favored claims; that any attempt by plaintiff to enforce his claim against the company would lead to similar action by other creditors, resulting in wasteful strife and controversy. Wherefore plaintiff prayed for the appointment of a receiver by the court, with full authority to collect all the assets of the Shipbuilding Company and to fully liquidate its business, and that in the meantime the defendants, together with all stockholders, creditors, and other parties in interest be enjoined from interfering with the control of said assets by such receiver, and for all general relief.

After the filing of the foregoing bill, to wit, on January 13, 1925, Tracy E. Griffin was appointed and qualified as receiver in bankruptcy for said Meacham & Babcock Shipbuilding Company, by the United States District Court for the Western District of the state of Washington, and was expressly ordered by the court to proceed through other representatives with the prosecution of the claim of the bankrupt against the United States Shipping Board. The plaintiff then filed an amended and supplemental bill of complaint, alleging said appointment and making the receiver a party defendant to the bill; also repeating in substance the allegations and prayers of the original bill.

Thereupon the defendants the Meacham & Babcock Shipbuilding Company and Tracy E. Griffin, receiver in bankruptcy, appeared specially in the suit and moved the court to vacate the alleged service of summons in the case, showing by affidavits therewith filed that service was attempted to be made in the state of Washington upon Thomas Lyle as the agent of said company, whereas in fact Lyle was not an officer or agent of the company at the time, and that no other serivce of summons was ever made upon the company in this suit.

The defendants United States Shipping Board, the United States Shipping Board Emergency Fleet Corporation, the Secretary of the Treasury, and the Treasurer of the United States filed a motion to dismiss the bill of complaint, upon the ground that the suit was against the Shipping Board, and therefore one against the United States, which is not a party to the suit, and has not consented to be sued in the proceedings; also that the plaintiff is attempting to attach, by way of garnishment, funds in the Treasury of the United States. A certificate was also filed by the United States Shipping Board, reciting the disallowance on April 10, 1923, of the claim presented to the board by the Shipbuilding Company, being the claim underlying this suit. The lower court sustained the motions to dismiss the original and the amended and supplemental bills of complaint, and so decreed. This appeal was then taken.

[1] We think the ruling of the lower court was right. The object of the present suit, as set out in the bill of complaint, was the liquidation of the affairs of the Meacham & Babcock Shipbuilding Company, by the appointment of a receiver who was to take exclusive possession of all of its assets and finally administer upon them under the orders of the court in this case. Such general relief, however, could in no event be granted until after jurisdiction was acquired by the court over the company by a lawful service of summons upon it. Section 1537, Code D. C., provides the method of service upon foreign corporations within the District of Columbia, but none of its requirements was complied with in this case. The record discloses that no lawful service was ever made upon the company, and no effective service for the purposes of this case can be made, owing to the bankruptcy proceedings begun in another court having full jurisdiction.

If, on the other hand, the present suit be regarded simply as one for the enforcement of an alleged lien in favor of Kraffmiller upon the proceeds of the claim pending before the Shipping Board, it is a sufficient answer to say that the plaintiff, of course, cannot claim such a lien as security for the money loaned by Kraffmiller to the Shipbuilding Company on notes and accounts, and as to the claim pending before the Shipping Board, no part thereof has been allowed or collected, and consequently no part of the contingent fee provided for by the contract has accrued to Kraffmiller. The pending claim in fact has been rejected and disallowed by the Shipping Board. The plaintiff complains that officers of the Shipbuilding Company have not aided Kraffmiller in his prosecution of the claim, as they were bound to do under the contract, and that others have since been called in without his

consent to prosecute the claim. We think that the terms of Kraffmiller's contract gave him no lien capable of enforcement under these circumstances. De Winter v. Thomas, 34 App. D. C. 84, 27 L. R. A. (N. S.) 634.

Moreover, the appointment of a receiver in bankruptcy for the Meacham & Babcock Shipbuilding Company, made at a time when the lower court had not acquired jurisdiction over the company, together with the order of the bankruptcy court upon the receiver in bankruptcy to proceed with the collection of the claim against the Shipping Board, renders ineffectual any orders such as are sought by the plaintiff in this suit, even if granted; for the bankrupt estate, including the pending claim, must necessarily be administered in the bankruptcy court. In re Watts & Sachs, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933.

[2] The appellant contends that it was error for the lower court to hear evidence in support of the motion to dismiss for want of jurisdiction. We do not think this was prejudicial error.

With these conclusions in mind, we find it unnecessary to discuss the various other questions presented by the case. The decree of the lower court is affirmed, with costs.